ENGINEER CO. v. HOTEL ASTOR et al.*

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

No. 251.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—DRAFT REGULATOR FOR FURNACES.

The McLean patents, Nos. 817,438 and 826,349, for an apparatus and method of regulating furnaces by what is now known as the "balanced draft" system, in which the draft entering below the fire box and the damper opening into the flue are automatically and synchronously controlled, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree, finding infringement of two patents. Both patents relate to the regulation of boiler furnaces by what is now known as the "balanced draft" system. The

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

·For opinion on petition for rehearing, see 226 Fed. 1024, — C. C. A. —.

patentee Embury McLean filed an original application May 23, 1904, covering a method and apparatus; under the requirements of the Patent Office this resulted in two patents, No. 817,438, issued April, 10, 1906, for the apparatus and No. 826,349 issued July 17, 1906. Both patents naturally describe the same mechanism and mode of operation. The opinion of the District Judge will be found in 226 Fed. 779.

Benjamin Phillips and George E. Stebbins, both of Boston, Mass. (Bertram L. Fletcher, of New York City, of counsel), for appellants. J. Edgar Bull and Geo. E. Cruse, both of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. We are entirely satisfied to sustain the decree on the opinion of Judge Hough, which very clearly and accurately describes McLean's contribution to the art, with its automatic synchronous control and regulation of both ends of the draft which enters below the fire box and leaves through the chimney-stack.

Some reference, however, should be made to the Peck British patent 11,033 of 1893, which is not discussed in the opinion of the District Judge for the obvious reason that defendant's experts evidently considered it of no particular importance, dismissing it with the statement, in a half-dozen lines, that it "makes a suggestion as to the initial pressure in the combustion chamber." In this court, however, it is the item of prior art mainly relied on in the argument as showing anticipation. We find this argument wholly unpersuasive. Peck mounts the blower fan and the exhaust fan on the same shaft so that they move synchronously; but since he shows them both of the same size, and since the evidence shows that the volumes they have to deal with do not remain constant, manifestly they will not accomplish the desired result. Appellant's counsel contends that the ordinary skilled workman in this art would know that fans should be differently proportioned. Whether or not the skilled workman would know this the testimony does not inform us; but if he did and if he made the change of proportions, he would still come short of doing what McLean did, viz., securing a range of variations which would operate efficiently under substantially all the varying rates of combustion which may call for control.

The Darrin & McLean patent, No. 690,931, was also strongly relied on in the argument as an anticipation. Although these patentees appreciated the problem and supposed they had solved it the testimony shows that apparatus constructed in accordance with the specifications of that patent failed to solve the problem. The main cause of its failure was that it did not handle intermediate and changing conditions of combustion for the reason that the dampers relied on for control, as complainant's counsel expresses it, "flopped open or flopped shut." We do not find in the Darrin McLean patent any warrant for the modifications of structure, which appellant contends would make the device operative, and therefore think it unnecessary to discuss

the arguments pro and con as to whether the modifications would accomplish the result obtained with an apparatus constructed in conformity with the patent in suit.

The decree is affirmed, with costs.